JACKSBORO STONE COMPANY v. FAIRBANKS COMPANY.

Decided January 25, 1908.

**1.—Action—Verified Account—Statute Construed.**

An action for the contract price of a set of track scales was not upon such an account between the parties as could be verified under the statute in such way as to dispense with proof upon the part of the plaintiff. The statute does not apply to an isolated transaction by which a single article is sold upon the one hand and bought upon the other at an agreed price.

**2.—Secondary Evidence—Predicate.**

Where the evidence showed that all the correspondence relating to a certain transaction was in the hands of the attorneys for plaintiff and said attorneys had been notified to produce a certain letter included in said correspondence, a sufficient predicate had been laid for the introduction of secondary evidence of the contents of said letter.

**3.—Same—Admissibility.**

Because a plaintiff denies having received a certain letter relating to the transaction in controversy, is no reason for excluding secondary evidence of the contents of the letter. The denial of the plaintiff only affected the weight of the proposed evidence.

**4.—Contract—Waiver of Terms—Liability.**

Where an article contracted for is shipped before the time specified in the contract of purchase, the purchaser is liable on his contract of purchase only in the event he waives the premature shipment and accepts the article as having been shipped in accordance with the contract.

Error from the the County Court of Jack County. Tried below before Hon. Sil Stark.

*Sporer & McClure,* for plaintiff in error.

*Nicholson & Fitzgerald,* for defendant in error.

SPEER, ASSOCIATE JUSTICE.—The Fairbanks Company, defendant in error, sued the Jacksboro Stone Company, plaintiff in error, to recover the sum of five hundred and ninety-five dollars, the contract price for a certain type beam track scales, and recovered judgment for that amount less fifty dollars, the estimated cost of installing the scales, which was never done. The order for these scales seems to have contained a notation to the effect that shipment was to be made at such time as the Stone Company might direct. The evidence indicates that this feature of the order was overlooked by the Fairbanks Company and that contrary to such stipulation shipment was immediately made. It appears to be undisputed that such shipment was premature, but there is some conflict in the evidence as to whether the Stone Company waived the same and accepted the scales. Much of the evidence introduced consisted of the correspondence between the parties.

Plaintiff in error offered to read in evidence a copy of a letter written by its manager to defendant in error which tended to show that the Stone Company had not accepted the scales after their arrival at the freight depot at Jacksboro, and also tending to explain why it had paid the freight charges. This evidence was excluded upon the ground, first, that it was in denial of plaintiff's verified account, no sworn denial having been interposed; second, that no sufficient predicate had been laid for the introduction of a copy of said letter; and, third, that plaintiff had shown that they did not receive any such letter. The transaction between plaintiff in error and defendant in error representing, as it did, an isolated transaction by which a single article was sold upon the one hand and purchased upon the other at an agreed price, was not such an account between the parties as could be verified under the statute in such way as to dispense with proof upon the part of defendant in error. Wroten Grain & Lumber Co. v. Mineola Box Mfg. Co., 95 S. W. Rep., 744, and authorities there cited.

As to the predicate laid for the introduction of a copy, the bill of exceptions shows that the attorneys for defendant in error had been notified to produce the original letter, and that Alfred J. Jones, the manager of defendant in error, who had conducted all of the correspondence with regard to this transaction, and whose deposition had been taken in the case, had been called upon in said depositions to produce the original letter to be used on the trial of the case, and in reply had stated that all of the correspondence had been forwarded to his attorneys in this case, and was then in their hands. Under these circumstances, we hardly see how a more complete predicate could have been laid.

As to the last objection sustained, the most that can be said is

that defendant in error's testimony that such letter had never been received went only to the weight of the proposed testimony, and certainly constituted no ground for its exclusion altogether. The jury might perhaps have disbelieved defendant in error's witnesses in this respect. None of these objections was good and the court erred in sustaining them.

At least a majority of us are inclined to hold, under the facts before us, that plaintiff in error is liable on its contract of purchase only in the event it waived the premature shipment and accepted the scales as having been shipped in accordance with the contract, to which issue the excluded evidence was pertinent. Whether plaintiff in error had accepted the scales was a question of fact to be determined by the jury under the proper direction of the court, and there was therefore no error in refusing to allow its manager to testify that he had not accepted them.

*Reversed and remanded.*